```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


JOYCE NESBY                                            PLAINTIFF

VS.                               CIVIL ACTION NO. 5:05-cv-64(DCB)(JMR)

THAMES AUTOPLEX, INC., AND
MITSUBISHI MOTORS CREDIT OF AMERICA                    DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff's motion to remand **(docket entry 3)**. Having carefully considered the motion and the defendant Mitsubishi Motors Credit of America ("MMCA")'s response, and being fully advised in the premises, the Court finds as follows:

This action was removed by the defendants from the Circuit Court of Warren County, Mississippi, on the following grounds:

(1) that federal question jurisdiction exists because Thames Autoplex, Inc. ("Thames") is currently in Chapter 7 bankruptcy proceedings before the United States Bankruptcy Court for the Southern District of Mississippi, and the plaintiff's claims against Thames and, by virtue of an indemnity agreement, against MMCA, constitute "core proceedings" against the bankruptcy estate and/or are "related to" the bankruptcy proceeding;

(2) that federal question jurisdiction exists because the complaint seeks to recover damages allegedly incurred by the plaintiff as a result of the defendants' alleged violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.;

(3) that diversity jurisdiction exists because although the plaintiff is a resident of Mississippi and defendant Thames Autoplex, Inc. ("Thames") is a Mississippi corporation with its principal place of business in Mississippi, Thames has been fraudulently joined, and the plaintiff has fraudulently and improperly misjoined separate and independent claims against the defendants.  MMCA is incorporated in and has its principal place of business in states other than Mississippi.  See Notice of Removal, ¶¶ 4-6.

The removing party has the burden of proving fraudulent joinder.  Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989).  To establish fraudulent joinder, the defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court."  Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003)(citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).

In Travis, the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question.  The Travis court held:

> [T]he court determines whether [the plaintiff] has any possibility of recovery against the party whose joinder is questioned.  If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility, however, must be reasonable, not merely theoretical.

Travis, 326 F.3d at 648 (emphasis in original)(citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)).

The plaintiff's complaint seeks damages for fraud, misrepresentation, civil conspiracy, unjust enrichment, breach of contract, breach of fiduciary duty, violation of Mississippi Consumer Protection, negligence, negligent hiring and/or retention, gross negligence and reckless conduct. Complaint, p. 2. MMCA does not offer any argument that there is no reasonable possibility of recovery against Thames, the non-resident defendant. Nor does MMCA offer any argument in favor of a finding of misjoinder of claims. The Court therefore finds that there is not complete diversity of citizenship.

As for federal question jurisdiction, the MMCA claims that the plaintiff's complaint implicates the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq. Nowhere in the complaint does the plaintiff assert a claim under the ECOA. Under her claim for fraud, however, she includes the following:

> The unfair and deceptive scheme employed by Mitsubishi Motors Credit of America resulted in other customers of equal credit standing as Plaintiff financing the same or similar automobiles for the same number of months and paying the same or similar downpayment through Mitsubishi Motors Credit of America on the same date, but at lower rates. The unfair and deceptive scheme employed by Mitsubishi Motors Credit of America caused Plaintiff and others like them [sic] to pay higher rates for reasons other than their credit worthiness. The unfair and deceptive scheme resulted in the rate being determined by the customer's sophistication level, the customer's level

>     of trust, the gender bias of the financing agent, the
>     shrewdness of the financing agent, and various factors.

Complaint, ¶ 20. The plaintiff asserts, however, that she is not bringing any claims under federal law and that all her claims are based solely on state law. Motion to Remand, p. 1. MMCA's argument that federal question jurisdiction exists is based on the fact that the ECOA prohibits discrimination with regard to credit based upon, inter alia, gender, see 15 U.S.C. § 1691(a)(1), and that Mississippi law does not recognize a cause of action for gender discrimination in connection with the financing and purchase of an automobile. MMCA's Memorandum, p. 10.

A similar situation existed in Adams v. General Motors Acceptance Corporation, 307 F.Supp.2d 812 (N.D. Miss. 2004). The plaintiffs in that case were also seeking recovery for fraud allegedly committed by the defendants in the course of automobile financing transactions. Included in the complaint were allegations that the defendants "conspired to defraud African-American plaintiffs by charging them even higher rates than those charged to similarly-situated white applicants, without informing them that they were being charged higher rates." Id. at 815. After removal to federal court, the plaintiffs argued in their motion to remand that they were seeking recovery solely under state law. The district court found that the defendants' argument that the plaintiffs' complaint implicated the ECOA so as to give rise to federal question jurisdiction was without merit. Id.

The district court further held:

> It is well established that, under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., Inc., 271 F.3d 186, 188 (5th Cir. 2001)(quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." Medina v. Ramsey Steel Co., 238 F.3d 674, 680 (5th Cir. 2001).

Id. at 815-16.

"If an area of the law is completely pre-empted by federal law, the artful pleading doctrine may apply." Id. at 816. "However, the United States Supreme Court has found complete preemption, and thus the artful pleading doctrine, to exist only in the limited areas of federal labor relations law, certain ERISA cases, and usury claims against national banks." Id. (citing Carpenter v. Wichita Falls Independent School Dist., 44 F.3d 362, 367 (5th Cir. 1995); Beneficial Nat. Bank v. Anderson, 539 U.S. 1 (2003)). "Outside of these limited areas, a plaintiff is free to seek recovery solely under state law, and defendants may not seek to transform these claims into federal ones through the artful pleading doctrine." Id.

As for the defendants' argument in this case that Mississippi law does not recognize a cause of action for gender discrimination in connection with the financing and purchase of an automobile, the Adams court also rejected a similar argument regarding racial

discrimination:

> In asserting that jurisdiction exists, defendants stress that Mississippi law provides no cause of action for race discrimination, and they thus argue that plaintiffs' claims must necessarily be regarded as federal claims. However, in <u>Waste Control Specialists, LLC v. Envirocare of Tex.</u>, 199 F.3d 781, 783 (5th Cir. 2000), the Fifth Circuit held that the fact that a plaintiff asserted state law antitrust claims which were allegedly not viable did not serve to transform those claims into federal antitrust claims. Indeed, the Fifth Circuit held that the district court lacked the jurisdiction even to consider whether those state law claims were viable, considering the absence of complete preemption in the antitrust context. <u>Id</u>. at 784.

<u>Id</u>. at 816-17. Thus, MMCA's argument is unavailing.

MMCA's also argues that the plaintiff "is seeking damages – attorney's fees and costs – in this matter that are only recoverable under the ECOA." Defendants' Memorandum, p. 10. In <u>Medina v. Ramsey Steel Company, Inc.</u>, 238 F.3d 674 (5th Cir. 2001), the Fifth Circuit held that a district judge properly denied remand where a plaintiff claimed to seek recovery under Texas law but amended his complaint to seek specific remedies, including back pay and liquidated damages, which were available solely under the Age Discrimination in Employment Act. <u>Id</u>. 679. The Fifth Circuit concluded that "[f]rom the face of [the plaintiff's] well-pleaded complaint, it is clear that [the plaintiff] is not proceeding on the exclusive basis of state law; [i]nstead the damages he seeks are authorized only by federal law. <u>Id</u>. at 680.

In contrast, the damages which are the basis of MMCA's argument, attorney's fees and costs, are not available solely under

6

the ECOA.  The plaintiff's complaint includes a claim for punitive damages, which, if proven, would entitle the plaintiff to attorney's fees and costs under Mississippi law.  <u>Central Bank of Mississippi v. Butler</u>, 517 So.2d 507, 512 (Miss. 1987).  The Court therefore finds this argument, that the plaintiff is seeking recovery under federal law, to be without merit.

To establish that the plaintiff's claims involve the resolution of a substantial question of federal law, MMCA must show that: (1) a federal right is an essential element of the plaintiff's state-law claims; (2) interpretation of the federal right is necessary to resolve the case; and (3) the question of federal law is substantial.  <u>Howery v. Allstate Ins. Co.</u>, 169 F.3d 912, 918 (5th Cir. 2001).

No issues of federal law appear on the face of the plaintiff's complaint.  MMCA has failed to show that a substantial question of federal law is a necessary element of any of the plaintiff's well-pleaded state-law claims.  MMCA has not demonstrated that the plaintiff must invoke the ECOA in order to succeed in any of her state-law claims, or how the interpretation of any federal right is necessary to the resolution of this case.  Therefore, the Court concludes that MMCA has failed to establish that the plaintiff's claims involve a substantial question of federal law.

This leaves MMCA's argument that federal question jurisdiction exists by virtue of the Thames bankruptcy proceeding.  Under 28


U.S.C. § 1334(b), the district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In <u>Matter of Wood</u>, 825 F.2d 90 (5th Cir. 1987), the Fifth Circuit Court of Appeals stated that the term "arising under" describes "those proceedings that involve a cause of action created or determined by a statutory provision of title 11." <u>Id</u>. at 96. The term "arising in" refers "to those 'administrative' matters that arise only in bankruptcy cases." <u>Id</u>. at 97.

These terms are "helpful indicators" of the meaning of "core proceedings," a term left undefined by the statute. <u>Id</u>. As the Fifth Circuit explained:

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

<u>Id</u>. at 97.

As set forth above, the plaintiff's complaint seeks damages exclusively under state law. Clearly, the plaintiff's claims do not represent "core proceedings" in the Thames bankruptcy case. This action is not a proceeding that could arise <u>only</u> in the

context of a bankruptcy. It is a suit, premised entirely on state law, that could have proceeded in state court had there been no bankruptcy. "[C]ontroversies that do not depend on the bankruptcy laws for their existence – suits that could proceed in another court even in the absence of bankruptcy – are not core proceedings." Id. at 96.

MMCA also asserts that the plaintiff's claims are "related to" the Thames bankruptcy proceeding, as a recovery could conceivably have an effect on the estate. MMCA is correct in its assertion that this Court has jurisdiction over this action pursuant to § 1334(b). However, MMCA is incorrect in its contention that abstention is inappropriate in this case.

>Section 1334(c)(2) states:
>
>Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, <u>related to a case under title 11 but not arising under title 11 or arising in a case under title 11</u>, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court <u>shall abstain</u> from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2)(emphasis added).

The following criteria must be satisfied to be entitled to mandatory abstention pursuant to Section 1334(c)(2):

(1) the plaintiff must "timely" have brought her motion for abstention; (2) the action must be based on state law claims; (3) the action must be "related to" a bankruptcy proceeding, as opposed

to "arising under" the Bankruptcy Code; (4) the sole federal jurisdictional basis for the action must be Section 1334; (5) there must be an action "commenced in state court; and (6) the action must be capable of being "timely adjudicated" in the state court. Technology Outsource Solutions, LLC v. ENI Technology, Inc., 2003 WL 252141 at * 4 (W.D. N.Y. 2003), citing Channel Bell Associates v. W.R. Grace & Co., 1992 WL 232085 at *5 (S.D. N.Y. 1992); see also O'Rourke v. Cairns, 129 B.R. 87, 90 (E.D. La. 1991); Rupp & Bowman Co. v. Schuster, 109 F.3d 237, 239 (5th Cir. 1997); Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925 (5th Cir. 1999).

This case clearly satisfies requirements (2) through (6). The plaintiff's claims are all brought pursuant to state law. The claims do not arise in a case under title 11, but are instead merely "related to" a bankruptcy proceeding. There is no independent basis for jurisdiction other than § 1334(b) because the plaintiff is not alleging a federal question claim. This action was first commenced and, therefore, already established in state court. Finally, there is no reason the matter could not be adjudicated in a timely manner in state court.

As for requirement (1), a "timely" motion for abstention, the Court finds that the plaintiff's motion to remand, filed one month after removal, satisfies this requirement. Although the plaintiff's motion does not specifically seek abstention,

abstention is a limitation on removal that cannot be ignored and must be addressed by the Court upon a motion to remand. As the United States District Court for the Eastern District of California held in In re Marathon Home Loans, 96 B.R. 296 (E.D. Cal. 1989):

> Although [the plaintiff] has not specifically moved for abstention, mandatory abstention nevertheless is a limit on removal that cannot be ignored. Her motion for remand fairly puts the concepts underlying abstention in issue. Indeed, Professor Moore's observation that provisions for abstention "should go far to preclude abuse that might otherwise arise from bankruptcy removal" suggests that courts should routinely bear in mind the limits suggested by abstention when deciding remand questions. 1A Moore & B. Ringle, Moore's Federal Practice ¶ 0.171.

Id. at 301; see also Asher v. Blue Diamond Coal Co., 2005 WL 1324966 *2 (E.D. Ky. June 2, 2005)(motion to remand satisfies requirement of motion for abstention).

As further grounds for remand, the Court finds that even if the plaintiff did not file a timely motion for abstention and if abstention were not mandatory, discretionary abstention is called for pursuant to § 1334(c)(1), since this case presents only state law issues, and there is no obvious impediment to timely adjudication in state court. Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to cases under title 11.

Applying the factors adopted in Searcy v. Knostman, 155 B.R. 699, 710 (S.D. Miss. 1993), a number of which relate to the presence,

11

predominance and difficulty of resolving state law issues, as well as proper respect for the role of state courts in addressing and deciding issues of state law, the Court concludes that even if abstention were not mandatory in this case, discretionary abstention is warranted.

The Court therefore finds that the plaintiff's motion to remand is well taken.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion to remand **(docket entry 3)** is GRANTED;

FURTHER ORDERED that an Order of Remand, remanding this action to the Circuit Court of Warren County, Mississippi, shall be entered of even date herewith.

SO ORDERED, this the ___17th___ day of March, 2006.


    ___s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE